UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDEEP KAUR BRAR,<br><br>Plaintiff,<br><br>v.<br><br>HARJIT KAUR DHAWILA, KULWINDER KAUR DHAWILAL, AND PARGAT SINGH DHAWILAL,<br><br>Defendants. | No. 1:21-cv-00069-DAD-JLT<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(Doc. No. 1) |

On January 18, 2021, plaintiff filed the pending *pro se* action, as well as moved for *in forma pauperis* status and for a temporary restraining order. (Doc. Nos. 1, 2, 3.) The court reviewed the complaint in conjunction with its review of the motion for a temporary restraining order. Plaintiff alleges that this court has subject matter jurisdiction over her claims based on diversity of citizenship pursuant to 28 U.S.C. § 1332. (*See, e.g.*, Doc. No. 1-1.) However, plaintiff's subject matter jurisdiction allegations are facially deficient because it appears all of the parties are residents of California and the required $75,000 amount in controversy is not met.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[S]ubject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross &*

1

*Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011) (noting objections to subject matter jurisdiction may be raised post-trial).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citation omitted).

Under 28 U.S.C. § 1332, federal courts have jurisdiction on the basis of diversity of citizenship if the matter is between citizens of different states or nations and the amount in controversy exceeds $75,000.[1]  On the civil cover sheet, plaintiff indicates she resides in Punjab, India. (*Id*. at 1.)  However, in the complaint, plaintiff alleges that she is a resident of Bakersfield, California (Doc. No. 1 at 1) and that each of the defendants, Harjit Kaur Dhaliwal[2], Kulwinder Kaur Dhaliwal, and Pargat Singh Dhaliwal, are also residents of California.  (*Id*. at 2.)  As currently alleged, plaintiff claims $29,600.00 in damages also do not rise to the $75,000 amount in controversy requirement. (Doc. Nos. 1 at 8; 1-1 at 1.)

Plaintiff is ordered to show cause within fourteen (14) days of the date of service of this order as to why this case should not be dismissed for lack of subject matter jurisdiction.  Plaintiff may discharge this order to show cause by identifying a statutory basis for jurisdiction and identifying the factual allegations in the complaint that support jurisdiction. Plaintiff is directed to file a document with this court stating (1) whether she resides in California and whether she intends to stay in California for the foreseeable future; and (2) what the total value of her claims

---

[1] In fact, the form complaint that plaintiff utilized provides the following explanation and direction:
> Under 28 U.S.C. § 1332, federal courts may hear cases in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000.  In that kind of case, called a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.  Explain how these jurisdictional requirements have been met.

(*Id.* at 3.)  The civil cover sheet provides similar instructions.  (*See* Doc. No. 1-1.)

[2] The caption on the complaint lists defendant Harjit Kaur Dhaliwal's name as "Harjit Kaur Dhaliwa", which appears to be a typographical error.  This error is now reflected on the official docket and caption, but the court refers to him herein using what appears to be his correct surname.

2

are believed to be at this time.  In the event plaintiff is unable to allege federal subject matter jurisdiction or fails to respond, her complaint will be dismissed.

Accordingly,

1. Plaintiff is ordered to show cause within fourteen (14) days of the date of service of this order as to why her case should not be dismissed for lack of subject matter jurisdiction; and
2. The Clerk of the Court is directed to serve a copy of the order on plaintiff at her address of record.

IT IS SO ORDERED.

Dated:   **January 24, 2021**

UNITED STATES DISTRICT JUDGE