UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDEEP KAUR BRAR,<br><br>Plaintiff,<br><br>v.<br><br>HARJIT KAUR DHAWILA,<br>KULWINDER KAUR DHAWILAL, AND<br>PARGAT SINGH DHAWILAL,<br><br>Defendant. | No.  1:21-cv-00069-DAD-JLT<br><br>ORDER *SUA SPONTE* DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION |

On January 25, 2021, the court issued an order requiring plaintiff to show cause in writing within fourteen days of the date of service as to why this action should not be dismissed due to lack of subject matter jurisdiction. (Doc. No. 5.)  In the order to show cause, the court noted that plaintiff asserts in her complaint that this court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332, but plaintiff's subject matter jurisdiction allegations appeared to be facially deficient because it appears all of the parties are residents of California, and the required $75,000 amount in controversy is not met. (*See, e.g.*, Doc. Nos. 1 at 1–2; 1-1.)  A copy of the court's order was served by mail on plaintiff at her address of record.  On January 28, 2021, plaintiff timely filed her response.  (Doc. No. 9.)

Plaintiff's response confirms that all the parties are domiciled in California and does not address the amount in controversy.  (*Id.* at 1–2.)  As the court's prior order outlined, "[f]ederal

1

courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332 only if the matter is between citizens of different states or nations and the amount in controversy exceeds $75,000. Plaintiff's jurisdictional allegations are facially deficient because neither condition is met. Thus, this court does not have subject matter jurisdiction over the pending action, and this case must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") This court's order dismissing plaintiff's action does not foreclose the ability of plaintiff to seek relief in another court, such as a California state court, if she believes it to be appropriate to do so, but only prohibits her from prosecuting this action and seeking relief in federal court.

Accordingly:

1. This action is dismissed, without prejudice, due to lack of subject matter jurisdiction; and

2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **January 29, 2021**

_____
UNITED STATES DISTRICT JUDGE